IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00733–REB–MJW

E.A. RENFROE & COMPANY, INC.,

      Plaintiff,

v.

CORI RIGSBY MORAN, and
KERRI RIGSBY,

      Defendants,
and

DAVID S. RANDEL,

      Interested Party.

---

**ORDER REGARDING PETITIONER'S COMBINED MOTION TO QUASH
DEPOSITION SUBPOENA, AND MOTION FOR PROTECTIVE ORDER
(Docket No. 1)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

      This action arose in connection with a lawsuit pending in the United States

District Court for the Northern District of Alabama, <u>E. A. Renfroe & Co. v. Cori Rigsby</u>

<u>Moran & Cori Rigsbi</u>, 2:06-CV-1752-WMA-JEO.  Before this court is the "Petitioner's

Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order"

(Docket No. 1), which was filed by petitioner David S. Randel, on April 10, 2008.  On

April 15, 2007, petitioner filed "Petitioner's Submission of Legal Authorities Re:

Sufficiency of Service of Subpoena Pursuant to Fed. R. Civ. P. 45(b)(1), in Support of

Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order."
(Docket No. 3).  On April 17, 2008, Alabama defendants and subpoena proponents
Cori Rigsby and Kerri Rigsby filed their "Response to Petitioner's Combined Motion to
Quash Deposition Subpoena and Motion for Protective Order." (Docket No. 4).

The subpoena at issue in this case sought deposition testimony from non-party
petitioner Randel at the offices of Holland & Hart in Denver, Colorado, on April 11,
2008 at 1:00 p.m., the day following the filing of the Motion to Quash.  (Docket No. 1-2).
 The petitioner's grounds for seeking to quash the subpoena, pursuant to Fed. R. Civ.
P. 45 concerning subpoenas served on non-party witnesses, are that service of
process was inadequate and invalid, that inadequate notice of the deposition had been
provided, and that attending the deposition in Denver would be unduly burdensome
because of the short notice and because petitioner is out of the state and would have to
make arrangements to return to Denver, would not have adequate time to meet with
counsel to prepare, and would be taken away from his work for a prolonged period.
The deposition noticed for April 11, 2008, at 1 p.m. did not take place, and none of the
parties appeared.  The discovery cut-off date in the Alabama case is April 25, 2008.

A similar motion was filed in another action in this district, Civil Action No. 08-cv-
00732-RPM-KMT, concerning a similar subpoena served on another non-party
deponent in the same underlying Alabama case.  That action was assigned to
Magistrate Judge Tafoya, who held a telephonic hearing on Monday, April 14, 2008, at
2:30 p.m. (Docket No. 5) and who issued a written order on Friday, April 18, 2008,

denying the Petitioner's Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order, and directing that petitioner to appear on April 25, 2008, at 9:00 a.m. for the taking of testimony at the office of Holland & Hart, LLP, in Denver, Colorado. (Docket No. 6). For substantially the same reasons contained in Judge Tafoya's Order, this court likewise denies the motion before the court in this case and directs the petitioner here to appear for a deposition at the same location on April 25, 2008, at 1:00 p.m.

Petitioner asserts the following in his motion. He is not a party to the Alabama action. He works out of his home in Greely, Colorado, but for the most part, his work takes him away from Greely and frequently from Colorado. His current assignment took him out of Colorado in March, and he is not scheduled to return for several weeks. On April 7, 2008, a process server working on behalf of the Alabama defendants attempted to serve the subpoena on petitioner, but he was out of state. Petitioner's wife advised the process server of that fact, and the process server asked Mrs. Randel if she would accept service on behalf of her husband. She responded that she was not authorized to accept service and would not do so. Thereafter, the process server left the subpoena outside of the petitioner's home.

Petitioner also complains in his motion that although the Alabama action has been pending for years, the defendants have tried to require him to appear for a deposition on only four day's notice. According to petitioner, "[t]he effort to serve the

Subpoena occurred on the evening of Monday, April 7, and seeks [his] appearance on Friday, April 11. By any measure, this is preposterous." (Docket No. 1 at 3).

According to petitioner, counsel for the Alabama defendants has indicated that he would consider moving the location and timing of the deposition, but according to petitioner's counsel, defense counsel has not indicated a willingness to withdraw the subpoena, and his proposed resolution allegedly does not cure the defects that are the basis for the motion.

In the Petitioner's Submission of Legal Authorities Re: Sufficiency of Service of Subpoena Pursuant to Fed. R. Civ. P. 45(b)(1), in Support of Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order (Docket No. 3), petitioner advises the court of the following. He is presently working out of Dallas, Texas, but is currently located in Boston, Massachusetts. He is not a newly-discovered witness in this matter, having been involved in various Mississippi Katrina cases for at least a few years, and upon counsel's information and belief has been deposed previously. Nevertheless, the Alabama defendants waited until the eleventh hour to attempt to subpoena him for a deposition with an April 25, 2008, discovery deadline looming. Both petitioner and his counsel have deadlines they are currently handling, and to have them both completely disrupt their professional and personal schedules all because the Alabama defendants decided to wait until the last possible moment to try and subpoena him allegedly constitutes an undue burden sufficient to warrant an order quashing the subpoena.

Counsel for the Alabama defendants asserts the following in their Response. (Docket 4). On April 9, 2008, petitioner's counsel contacted defense counsel and stated that he intended to file a motion to quash and a motion for protective order. During that conversation, defense counsel offered to move the date of the deposition to a date that would be convenient for the petitioner and also move the location of the deposition to the place where the petitioner was working. Petitioner's counsel stated he would not provide the location of where petitioner was working and would not arrange to have the deposition held at a different time or location. Defense counsel now asserts that in the interest of conserving the resources of the parties, the defendants agree to amend the subpoena for the petitioner's deposition here to reflect that it will take place on April 25, 2008, in Denver, Colorado, which is the same date and place proposed to Judge Tafoya in the related case, and the date eventually set by Judge Tafoya in that matter.

Furthermore, defense counsel notes that petitioner's counsel has never represented to the court that petitioner has not actually received the subpoena, but he did retain counsel to resist it. Defendants assert that petitioner was properly served, received actual notice of the subpoena, and was given reasonable notice (more than 48 hours before the time for appearance, see D.C.COLO.LCiv.R. 45.1). Defendants also assert that the information provided in the petitioner's submission of legal authorities that he is currently working out of Dallas but located in Boston does not provide enough information to re-serve a subpoena if the court grants the motion.

Furthermore, they note that petitioner has not provided any reason, other than inconvenience, that his deposition should not go forward once the serve issue is resolved. They assert their counsel has alleviated any potential undue burden by offering to the move the date and location of the deposition to accommodate petitioner and his counsel. Therefore, they ask the court to deny the motion and to order petitioner to appear for his deposition on April 25, 2008, in Denver, Colorado, at the time and location set forth in the subpoena.

This court finds that the objection raised in the motion concerning lack of sufficient notice for the taking of a deposition under Fed. R. Civ. P. 45(c)(3)(A)(i) is now moot because the original date of April 11, 2008, has passed, petitioner was not required to attend the deposition, and the new April 25, 2008, date proposed by defendants in their April 17, 2008, response provides ample notice of the proposed deposition. The court further finds that the original subpoena was not untimely according to the Local Rules of this court, D.C.COLO.LCivR 45.1, inasmuch as it was served more than 48 hours prior to the date of the proposed deposition on April 11, 2008.

The remaining issues before the court, then, are whether service of a subpoena on a non-party individual pursuant to Rule 45(b) must be accomplished by personal, hand-to-hand service under the facts and circumstances of this case and whether petitioner is required to attend a deposition in Denver, Colorado, which is within 100 miles of his residence in Greely, Colorado.

The primary issue between parties in any contest involving the proper and appropriate service of process or notice is whether Due Process requirements were fulfilled as detailed by the United States Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). In Mullane, the Supreme Court clearly articulated the due process requirements of service:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance . . . .

Id. at 314 (citations omitted). See Henderson v. United States, 517 U.S. 654, 672 (1996) ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.")

The Supreme Court held that Due Process is satisfied when a recipient receives notice of the activity involved and is provided with an opportunity to be heard. The notice prong of Mullane requires that notice must be transmitted in a manner that is reasonably calculated to reach the recipient. "The means [of service] must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . . " Mullane, 339 U.S. at 314.

Rule 45(b)(1), under which subpoenas requiring a non-party to provide testimony through deposition can be issued, provides that, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Although the wording of the Rule subsequent to the December 1, 2007, rule amendments has changed somewhat, the requirement of "delivery" to the person remains intact.

Although the rule does not now, and never has, used the term "personal service," many courts have interpreted the relevant language as permitting exclusively hand-to-hand personal service. See, e.g., Weiss v. Allstate Ins. Co., 512 F. Supp.2d 463 (E.D. La. 2007) (service is improper if the person himself is not served with a copy of the subpoena); Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc., 211 F.R.D. 685, 687 (N.D. Ga. 2002) (in the context of a motion to compel and for sanctions, personal service of deposition subpoena on non-party deponent's wife at non-party deponent's residence was not proper because non-party deponent was not personally served); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685-86 (D. Kan. 1995) (certified mail not acknowledged by deponent did not constitute valid service under Rule 45).

Several courts have held, however, that personal service of a subpoena is not required in every instance pursuant to Fed. R. Civ. P. 45. See, e.g., King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y.1997) ("[T]he court sees no reason for

requiring in hand delivery for subpoenas served under Rule 45 so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness."); In re Shur, 184 B.R. 640, 642 (E.D.N.Y.1995) (" '[D]elivering' a copy of a subpoena, for purposes of Rule 45, includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect.  This would necessarily include, but not be limited to, personal service of a subpoena."); Hinds v. Bodie, 1988 WL 33123, *1 (E.D.N.Y. Mar. 22, 1988) (court-ordered service by alternative means after five unsuccessful attempts to serve subpoena on non-party witness).  There appears to be no binding precedent in the Tenth Circuit favoring either position.

The starting point for the interpretation of a statute or Rule is the language of the statute itself.  "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."  Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990).  The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead it requires only that a copy be "'deliver[ed]" to the person whose attendance is sought.  Such language neither strictly requires in-hand service nor prohibits alternative means of service.  See Shur, 184 B.R. at 642; Ultradent Prods., Inc. v. Hayman, 2002 WL 31119425, *3 (S.D.N.Y. Sept. 24, 2002).  See also W. E. Green v. Baca, 2005 WL 283361 (C.D.Cal. Jan. 31, 2005) (effective service under Rule 45 not limited to personal service); Western Resources, Inc. v. Union Pac. R.R. Co., 2002 WL 1822432 (D. Kan. July 23, 2002) (same).

The American Heritage Dictionary of the English Language (hereinafter, "The American Heritage Dictionary") defines "deliver" as "[t]o bring or transport to the proper place or recipient." The American Heritage Dictionary of the English Language 494 (3rd. ed.). "Transport" is defined as "[t]o carry from one place to another; convey," id. at 1903, and "convey" is defined, in part, as "[t]o communicate or make known; impart," id. at 412. Nothing in the everyday meaning of any of these words expresses or suggests a requirement that "delivery" be effected exclusively by the hand of one human being to the hand of another. Shur, 184 B.R. at 642. Based upon the construction of the English language, the Shur court concluded, "any act or series of acts" which assures the subject of the subpoena fair and timely notice is proper under the plain language of Rule 45. Shur, 184 B.R. at 642-43.

Reading the relevant language to require personal service would also render superfluous that part of Rule 45 indicating that "[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service . . . ." Fed. R. Civ. P. 45(b)(4). If the only manner of service permitted under the rule were by hand, no statement of the manner of service would be necessary. See King v. Crown Plastering Corp., 170 F.R.D. at 356. Moreover, if Rule 45 is read as requiring personal, in-hand service, then the language in Rule 4(e) specifying that "delivery" to the relevant individual be done "personally" would be pure surplusage. See Fed. R. Civ. P. 4(e)(2) (service may be effected by "delivering a copy of the summons and of the complaint to the individual personally.").

Rule 4 of the Federal Rules of Civil Procedure bears many similarities with Rule 45. Rule 4 governs issuance and service of a summons. Rule 4 sets forth the requirements for service of the summons and details with great specificity the guidelines for service on different types of defendants. Rule 4 very explicitly provides several methods of service of a summons on an individual in the United States. As recognized in the Advisory Committee's note to the 1993 Amendments of the Federal Rules of Civil Procedure, the term "service of process" is not limited to service of the summons and complaint but covers other process as well. Fed. R. Civ. P. 4, Advisory Committee's note at 1993 Amendment. See Ultradent Prods., 2002 WL 31119425 at *3.

"Service of a summons and complaint on a party, governed by Rule 4, both notifies the party of a pending action and compels that party to comply by filing responsive papers or suffering a default judgment to be entered against it. Similarly, service of a subpoena on a third party witness to a litigation notifies the witness that his appearance is required, and compels compliance with the order therein. The elements of notice and compulsion exist under both Rules." Id. at *3, n.4. At least one recent court has opined, "the court sees no policy distinction between Rules 4, 5 and 45, such that service other than personal service should be sufficient under the first two but not the third." W. E. Green, 2005 WL 283361 at *1, n.1 (service made by "leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it at a conspicuous place in the office" is sufficient service.)

The obvious purpose of Rule 45(b) is to mandate effective notice to the subpoenaed party, rather than "slavishly adhere to one particular type of service." Hall v. Sullivan, 229 F.R.D. 501, 503-06 (D. Md. 2005)  Thus, it is clear from the protections provided in Rule 45 that when a non-party receives actual notice, as petitioner did in this case, that party can protect itself from being compelled to give deposition testimony simply by filing a motion to quash as petitioner has done in this case.  See Fed. R. Civ. P. 45(c)(3).  The courts that have upheld service by alternative means have uniformly held that  what is mandated is that service be made in a manner which reasonably insures actual receipt of the subpoena by the witness.  See King v. Crown Plastering Corp., 170 F.R.D. at 356.  Whether a potential deponent in the position of the petitioner was served "hand-to-hand" becomes a moot point from a practical perspective.

The only Colorado federal case to focus squarely on this issue is Windsor v. Martindale, 175 F.R.D. 665 (D. Colo. 1997).  In that case the court addressed service by a prisoner plaintiff via his own private mailing as well as service made by certified mailing initiated by the U.S. Marshal Service.  The court in Windsor quashed the subpoenas with attempted mail service by the plaintiff.  However, service by certified mail undertaken by the Marshal Service was upheld as an acceptable variation of permissible service.  The court noted that

> [d]ue to limited staff and budget constraints, certified mail is used for service by the United States Marshals Service on many pleadings.  [The deponents] have not argued that they did not get the subpoenas.  They simply maintain that they should not have to respond, as the subpoenas were mailed.  This court disagrees.

Id. at 670.  Key to the <u>Windsor</u> court's decision to uphold the service by certified mail

was the fact the deponent had actual notice of the subpoena.  The court stated:

> Service by certified mail by the United States Marshals Service provides a
> fair and economical means of serving process.  There has been no denial
> of due process of law by such service. . . .  The subpoenas duces tecum
> to [the deponents] cannot be quashed solely on the basis that they were
> served by the United States Marshals Service by mail.

Id. (citations omitted).  The court's determination regarding proper service was largely

driven by effectuating the purposes of the Rule, the constraints of due process, and the

underlying posture of the particular case.

This action in Colorado was initiated by the petitioner protesting his appearance

as subpoenaed by the Alabama defendants and seeking a protective order.  The very

filing of the motion and petition to the court reflect that the petitioner did, in fact, receive

"delivery" of the subpoena which he was able to contest on its merits.  The court,

however, can envision a very different scenario had the petitioner failed to appear for

the subpoenaed deposition on April 11, 2008, and the Alabama defendants brought the

action in Colorado to compel the attendance of the petitioner.  This was precisely the

alternate position faced by the Georgia court mentioned earlier where personal service

of a Rule 45 subpoena was held to be required.  <u>Klockner Namasco</u>, 211 F.R.D. at 686.

In the first instance, whether the petitioner received hand-to-hand personal service is

somewhat superfluous – clearly he had notice of the subpoena and an opportunity to

respond without any prejudice or fear of sanctions.  In the second instance, however,

whether and how service of the subpoena was made would be critical to the

determination of whether the intended recipient of a subpoena would face sanctions for his failure to appear.

In accordance with the interpretative principle that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action . . .," Fed. R. Civ. P. 1, and given the textual ambiguity of Rule 45 combined with the fact the petitioner apparently frequently works out of state and cannot be readily or easily located to effect hand-to-hand personal service, and considering the cost and delay that would result by requiring further attempts at such service, this court thus joins those holding that effective service under Rule 45 is not limited to hand-to-hand personal service in every case. The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service, as it appears the petitioner may be as evidenced by the lack of cooperation on his part to agree to or suggest alternate venues and dates. Because the alternative service used here accomplished the goal of actual receipt of the subpoena by the witness,[1] the "delivery" requirement of Rule 45 has been met, and the petitioner has been provided with fair and timely notice of his obligation to appear. Further, permitting service of the deposition subpoena on the petitioner by less than personal, but nonetheless effective service, in no way prejudices

---

[1]This order does not stand for the proposition that the particular form of service employed in this case would always meet the test of reasonable assurance of receipt by the deponent pursuant to Fed. R. Civ. P. 45, but only that it did in this instance.

the petitioner since he has been fully able to avail himself of the procedural protections of Rule 45(c)(3), the same as he would have been if personally served.

As noted above, counsel for the Alabama defendants expressed willingness to hold the deposition at another location and another date specified by the petitioner for his convenience. Petitioner, however, did not suggest or agree to any alternative venue. In light of the offer made and refused, this court concludes that appearance in Denver, Colorado, approximately within one hundred miles south of the petitioner's residence, is not an undue hardship.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the "Petitioner's Combined Motion to Quash Deposition Subpoena, and Motion for Protective Order" (Docket No. 1] is **DENIED**. It is further

**ORDERED** that the petitioner deponent, David S. Randel, shall appear on April 25, 2008, at 1:00 p.m. for the taking of testimony at the offices of Holland & Hart, LLP, 555 Seventeenth Street, Suite 3200, Denver, Colorado 80202, as set forth in the deposition subpoena (as amended in this Order with regard to the date and time).

Dated this 21st day of April, 2008.

BY THE COURT:

s/ Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge